UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK BUTLER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-2491 |
| | § | |
| COLONIAL SAVINGS, F.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.  INTRODUCTION**

Pending before the Court is the defendant's, Colonial Savings, F.A. (the "defendant"), motion for summary judgment (Dkt. No. 10). Frank and Lashanda Butler (the "plaintiffs") did not respond and time for doing so has expired.[1] After considering the motion, the record and applicable law, the Court determines that the defendant's motion for summary judgment should be **GRANTED**.

**II.  FACTUAL BACKGROUND**

On May 14, 2012, the plaintiffs took out a $417,000 mortgage loan from PrimeLending, a Plains Capital Company, to purchase a home in Fort Bend County, Texas. The plaintiffs signed a promissory note requiring them to repay PrimeLending, and a deed of trust granting PrimeLending a security interest in the property. The original beneficiary of the instrument was Mortgage Electronic Registration System, Inc. ("MERS"). Subsequently, MERS assigned the Security Instrument to the defendant as reflected on the deed of trust.

---

[1] Pursuant to S.D. Tex. L.R. 7.4, the plaintiff's "[f]ailure to respond will be taken as a representation of no opposition."

The loan agreement established that the plaintiffs were required to pay the principal and interest on the loan when due. However, the plaintiffs began to default on their monthly payments. As a result, on April 16, 2016, the parties entered into a loan modification agreement extending the life of the loan. On December 5, 2016, the defendant sent a second notice of default letter informing the plaintiffs that a $7,800 payment they had made was not sufficient to cure the total default of $24,590.65. On March 28, 2017, the plaintiffs submitted a payment of $27,768.24 in order to cure the default balance. Due to this payment, both parties entered into a temporary repayment plan that allowed the plaintiffs to pay $7,514.10 from May 1, 2017 to October 1, 2017.

Subsequently, the plaintiff began to default on the loan payments again. On August 3, 2017, the defendant notified the plaintiffs that they were not eligible for any further loss mitigation assistance. The plaintiffs again applied for additional loss mitigation in 2018, and again were denied loss mitigation assistance. On March 16, 2018, the defendant notified the plaintiffs that they were in default and that a $47,147.01 payment was due in 30 days. The plaintiff failed to cure the delinquency and as a result, the defendants sent the plaintiffs a notice of acceleration of loan maturity. On June 8, 2018, the defendant sent the plaintiffs a notice of foreclosure indicating a foreclosure sale scheduled for July 3, 2018.

The plaintiffs filed their original complaint in state court. On July 2, 2018, the court granted their request for a 14-day restraining order against the defendant, staying any foreclosure proceedings until the case could be heard. On July 18, 2018, the defendant filed a notice of removal to this Court. During discovery the plaintiffs failed to respond to the defendant's request for admissions. The defendant moved for summary judgment. The plaintiffs did not respond.

## III. LEGAL STANDARD

**Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle*

*Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

## IV. ANALYSIS AND DISCUSSION

The plaintiffs allege that during the course of discussions regarding, payment defaults, loan modifications and foreclosure that defendant committed fraud, breached the deed of trust contract, violated the Real Estate Settlement Procedures Act (RESPA) and the Texas Debt Collection Act (TDCA). The defendant maintains that the plaintiffs routinely defaulted on their

monthly payments and were delinquent at the time the property was being considered for foreclosure. Further, due to the delinquency, the defendant argues that it had a contractual right to initiate foreclosure proceedings. The defendant also requests attorneys fees.

### A.   Common-Law Fraud Claim

To prevail on a claim for common-law fraud, the plaintiff must prove that the defendant made the following: "(1) a material misrepresentation; (2) that is false; (3) with knowledge of its falsity or recklessness as to its truth; (4) with the intention that it should be acted upon by another party; (5) relied upon by the other party, and (6) causing injury" *Flaherty & Crumrine Preferred Income Fund Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009). Furthermore, the Federal Rules of Civil Procedure require a heightened standard when pleading fraud claims. Fed. R. Civ. P. 9(b). When alleging a claim for fraud "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id*.

Here, the plaintiffs have failed to provide any evidence to prove the elements of common-law fraud. The plaintiffs claim that the defendant made misrepresentations in 2017 when it agreed to review all of the loan mitigation applications, but failed to do so. However, the plaintiffs state that a loan modification was offered to them on March 21, 2017. Moreover, even if the record included evidence supporting the fact that the defendants made a false statement that the plaintiffs relied upon, there is no evidence that the plaintiffs suffered any actual damages as a result of the misrepresentation. The defendant's motion for summary judgment regarding the plaintiff's fraud claim is granted.

### B. Breach of Contract and Failure of a Condition Precedent Claim

Under Texas law, a party alleging breach of contract must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018). Additionally, a plaintiff must allege its own performance, since "a party to a contract who is in default cannot maintain a suit for its breach." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)). Finally, the Federal Rules of Civil Procedure establish that pleading a condition precedent to a contract that has not occurred or was not performed, must be done with particularity. Fed. R. Civ. P. 9(c).

The second element of a breach of contract claim requires a plaintiff to provide evidence supporting his tendered performance under a contract. *Villarreal*, 814 F. 3d at 767. The only evidence of the plaintiffs' performance is the payment history on the loan. The payment history indicates that the plaintiffs were in continued default leading up to the filing of their complaint against the defendant. Even if the Court were to assume that the plaintiffs tendered performance under the deed of trust, the claim still fails to show any breach by the defendant. The deed of trust establishes that the defendant may foreclose on the property if the plaintiff "defaults on the note or fails to perform any of [the plaintiffs'] obligations . . . and the default continues after notice of the default and the time within it must be cured." The plaintiffs' breach of contract claim relies on allegations that the defendant failed to provide notice of default or notice of opportunity to cure. The defendant, however, filed a copy of the notice of default letter in the record. The notice included an opportunity to cure. There is no evidence that the defendant breached the deed of trust and that the plaintiffs failed to establish a condition precedent.

Therefore, no genuine issue is raised, and the defendant's motion for summary judgment is granted as to this claim.

### C. Real Estate Settlement Procedures Act Claim

The plaintiffs argue that the defendant violated RESPA by not providing definitive reasons why multiple loss mitigation applications were denied. The plaintiffs also claim that the defendant violated 12 C.F.R. §1024.41(f)(2)(i), which bars a loan servicer from filing or making the first notice for any judicial or non-judicial foreclosure while there is a pending loss mitigation application. In April of 2016, the plaintiffs entered a loan modification agreement pursuant to their first loss mitigation application. Under 12 C.F.R §1024.41(i), the defendant only had to comply with the regulation for one loss mitigation application and not the additional ones the plaintiffs sent afterward. Yet, the defendant still provided the plaintiffs with a response to each additional loss mitigation application. Each letter stated the reason for the denial, provided the default amount, the payment due date, and information on other non-retention alternatives. Additionally, 12 C.F.R. §1024.41(f)(2)(i), does not apply in this case, since there is no evidence to show a pending loss mitigation application.

The Court finds that the plaintiffs failed to meet their burden of proof, and establish a genuine issue as to the defendant's compliance under RESPA and Regulation X. Therefore, the defendant's motion for summary judgment is granted as to this claim.

### D. Texas Debt Collection Act Claim

The plaintiffs contend that the defendant violated the TDCA when it made intentional misrepresentations of the debt to be collected. As noted above, the defendant provided the plaintiffs with proper notice of default and an opportunity to cure as required by the deed of trust. The plaintiffs' failure to meet their duties under the deed of trust, does not bar the defendant

from recovering their interest in the property. Further, the TDCA does not prohibit a creditor from exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings. TEX. FIN. CODE § 392.301(b((3). The defendant's foreclosure methods are lawful and do not equate to threats or deceptive means. Therefore, the Court finds that the plaintiffs' claims under the TDCA fail to create a genuine dispute of a misrepresentation on the part of the defendant. The defendant's motion for summary judgment is granted as to this claim.

### E. Claim for Attorney's Fees

The defendant requests that the Court award them $54,553.38 in attorney's fees. The prevailing party is generally not entitled to attorney's fees from the losing party unless a statute or governing contract mandates otherwise. *Travelers Cas. & Sur. Co. of Am. v. PG&E*, 549 U.S. 443 (2007). If a party has a valid claim for attorney's fees, they must still adhere to the procedural requirements set forth in Federal Rule of Civil Procedure 54(d). Even if a prevailing party's claim for fees is grounded in a statute or contract and satisfies the procedural requirements, the claim is still subject to the district court's equitable discretion. *McDonald's Corp. v. Watson*, 69 F.3d 36, 45-46 (5th Cir. 1995).

The notice of confidentiality rights, under the deed of trust, lists the rights afforded to the defendant. Paragraph four of the "Beneficiary's Rights" states that if a Grantor fails to perform any of its obligations, the beneficiary may perform those obligations and can demand any sums paid, including attorney's fees. Paragraph nine of "Grantor's Obligations" mandates that the Plaintiffs "pay to Beneficiary . . . costs of collection of the Note and enforcement of this Deed of Trust . . . including court costs and reasonable attorney's fees." Reasonable attorney's fees is defined in paragraph nine of the "Grantor's Obligations" as "10.00% of all amounts due unless

either party pleads otherwise." The defendant's motion for summary judgment indicates the total amount due is $545,533.76 at this time. In accordance to paragraph nine of the "Grantor's Obligations" reasonable attorney's fees amount to $54,553.38.

The Court, however, is persuaded by the argument that these types of mortgage agreements are similar to adhesion contracts, in that they are "generally not bargained for; rather it is imposed on the mortgagee on a take it or leave it basis by the mortgagor." *Rodriguez v. Quicken Loans, Inc.*, 257 F. Supp. 3d 840 (S.D. Tex. 2017) (quoting *In re Woodham*, 174 B.R. 346, 349 (Bankr. M.D. Fla. 1994)). Further, although the contractual agreement is the foundation for the defendant's claim for attorney's fees, the defendant has failed to meet the procedural requirements. The defendant has not provided affidavits or evidence supporting the fees requested. Therefore, attorneys fees are denied.

### V. CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 15th day of August, 2019.

Kenneth M. Hoyt
United States District Judge